WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Anthony Mall, | No. CV-26-00263-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Wells Fargo Bank NA, | |
| Defendant. | |

Pending before the Court is Plaintiff's pro se complaint and a motion to proceed in forma pauperis.

I.  **Legal Standards for In Forma Pauperis Motions**

A.  **Ability to Pay**

"There is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn IFP status." *Escobedo v. Applebees,* 787 F.3d 1226, 1235 (9th Cir. 2015).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id*. at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948)).

B.  **Screening – 28 U.S.C. § 1915(e)(2)**

Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies

to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.

*Kennedy v. Andrews*, 2005 WL 3358205, *2 (D. Ariz. 2005).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)").

*Hairston v. Juarez*, No. 22-CV-01801-BAS-WVG, 2023 WL 2468967, at *2 (S.D. Cal. Mar. 10, 2023).

Because Plaintiff has moved to proceed in forma pauperis, the Court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served.

**II.     Discussion**

   **A.     Ability to Pay**

Plaintiff claims to have $5,000.00 per month in income and over $6,000.00 per month in living expenses. (Doc. 4). The Court finds that Plaintiff cannot afford life's necessities and pay the filing fee. Thus, the Court will grant in forma pauperis status.

   **B.     Screening**

In short summary, in Plaintiff's complaint he alleges that Defendant, Wells Fargo Bank, foreclosed on his real property by conducting a trustee sale in 2023. (Doc. 1 at 7). Plaintiff brings this "quiet title" action under 28 U.S.C. § 1655 relating to that now-foreclosed property.

Preliminarily, the Court questions its jurisdiction over this case. Plaintiff alleges that jurisdiction is based on a federal question. (Doc. 1 at 2). Plaintiff, presumably, makes such allegation because he claims to be suing under 28 U.S.C. § 1655. (Doc. 1 at 7). However, Plaintiff fails to state a claim under 28 U.S.C. § 1655.

Specifically, 28 U.S.C. § 1655 may be used to quiet title to a piece of land within the jurisdiction of this Court when (among other requirements) "any defendant cannot be served within the State, or does not voluntarily appear." In this case, Plaintiff has made no allegations that Wells Fargo Bank cannot be served (or would not waive service and voluntarily appear). Indeed, this Court could take judicial notice of many cases in this district wherein Wells Fargo Bank has been served and appeared. Thus, the complaint fails to state a claim under 28 U.S.C. § 1655, which also means there is no federal question over which this Court would have jurisdiction.

Plaintiff also raises a claim for declaratory relief. (Doc. 1 at 8). However, the Declaratory Judgment Act is not a basis for federal question jurisdiction. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672-674 (1950) (holding that any suit must establish a basis for federal subject matter jurisdiction independent from the Declaratory Judgment Act). Thus, even if the declaratory judgment theory could state a claim (which the Court has not analyzed) it does not cure the Court's lack of federal question jurisdiction. Plaintiff does not plead diversity jurisdiction.

Plaintiff raises no other claims in the complaint. Therefore, this Court lacks subject matter jurisdiction over this case.

Accordingly,

**IT IS ORDERED** that the Motion to Proceed In Forma Pauperis (Doc. 4) is granted.

**IT IS FURTHER ORDERED** that the complaint is dismissed for lack of jurisdiction. Plaintiff has 30 days from the date of this Order to file a first amended complaint that properly pleads federal subject matter jurisdiction and states a claim.[1] If Plaintiff fails to file an amended complaint in 30 days, the Clerk of the Court shall enter judgment dismissing this case without prejudice. If Plaintiff files an amended complaint,

---

[1] Should Plaintiff attempt cure by amendment, Plaintiff must also address how any claim related to the trustee sale in 2023 is not barred by Arizona Revised Statute 33-811(C), which states: "The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to section 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale…."

1 | it shall not be served until it is screened.

2 | Dated this 27th day of January, 2026.

James A. Teilborg
Senior United States District Judge