**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Anthony Mall,<br>Plaintiff,<br>v.<br>Wells Fargo Bank NA,<br>Defendant. | No. CV-26-00263-PHX-JAT<br>**ORDER** |

Pending before the Court is Defendant Wells Fargo Bank, N.A.'s ("Wells Fargo") motion for judgment on the pleadings. (Doc. 30). Plaintiff Mark Mall has responded, (Doc. 37), and Wells Fargo has replied, (Doc. 45). The Court now rules.

**I. BACKGROUND**

Plaintiff alleges the following in his amended complaint. Plaintiff had superior record title to a real property located in Phoenix, Arizona. (Doc. 11 at 3). Plaintiff obtained a forbearance on his loan, but Wells Fargo initiated non-judicial foreclosure proceedings after providing Plaintiff with notice that he defaulted on his payments starting on January 28, 2021. (*Id.* at 7–8). Plaintiff unsuccessfully attempted to halt the September 12, 2023, trustee's sale of the property, and EZ Homes, LLC acquired title to the property through the trustee's sale. (*Id.* at 8–9). EZ Homes, LLC then initiated eviction proceedings against Plaintiff, and Plaintiff was removed from the property. (*Id.* at 9–10).

Plaintiff brought three counts against Wells Fargo in his amended complaint. Count I alleges a 42 U.S.C. § 1983 "Procedural Due Process (Fourteenth Amendment)" claim.

(Doc. 11 at 12). Count II alleges a 42 U.S.C. § 1983 "Denial of Meaningful Access to Courts (First and Fourteenth Amendments)" claim. (*Id.* at 15). Count III alleges a claim for relief under "Rule 70/Possession and Vacatur of Eviction Judgment." (*Id.* at 16–17).[1]

The Court dismissed Count II after screening the amended complaint. (Doc. 12 at 5). Wells Fargo then moved to dismiss Counts I and III. (Doc. 17 at 4, 6). The Court granted Wells Fargo's motion to dismiss in part as to Count III but denied it as to Count I. (Doc. 25 at 10). Wells Fargo now argues it is entitled to judgment on the pleadings on the remaining count. (Doc. 30).

## II. DISCUSSION

### a. Legal Standard

By rule, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). A court should grant judgment on the pleadings only when the movant "clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997) (quoting *George v. Pac.-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996)) (internal quotations omitted). Given the "policy in favor of ensuring to each litigant a full and fair hearing on the merits of his claim or defense," however, courts "generally hesitate to grant judgment on the pleadings." *Haller v. Advanced Indus. Comp. Inc.*, 13 F. Supp. 3d 1027, 1029 (D. Ariz. 2014) (quoting *Carrasco v. Fiore Enters.*, 985 F. Supp. 931, 934 (D. Ariz. 1997)).

In deciding a motion for judgment on the pleadings, the Court "cannot consider evidence outside the pleadings unless the Court treats the motion as a motion for summary judgment." *Id.* (citing Fed. R. Civ. P. 12(c)). The Court must also accept as true all the well-pleaded allegations in the pleadings, *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998), and construe them in the light most favorable to the non-movant, *Gen.*

[1] Plaintiff's Amended Complaint characterizes Count III as a remedy. (Doc. 11 at 16). As far as the Court can determine, however, this section of the Amended Complaint is a separate count seeking a transfer of the property title back to Plaintiff.

*Conference Corp. of Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989), unless they "contradict facts that may be judicially noticed by the [C]ourt," *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000).

**b. Statute of Limitations**

Wells Fargo argues Count I is time-barred because Plaintiff filed suit outside the Arizona statute of limitations for personal-injury torts. (Doc. 30 at 17). Wells Fargo argues the claim accrued on September 12, 2023, the date of the trustee's sale, and in the alternative, even if it accrued on the eviction date of January 10, 2024, Plaintiff still filed outside the two-year statute of limitations. (*Id.* at 17–18). Plaintiff argues that Count I accrued on January 10, 2024, the date of "physical removal," citing *Wallace v. Kato*, 549 U.S. 384 (2007) in support. (Doc. 37 at 4). He then argues the "action was filed January 15, 2026," which according to Plaintiff demonstrated a "five-day gap" between the date of accrual and the date he filed suit.[2] (*Id.*)

"Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules." *Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018). The statute of limitations for personal injury claims in Arizona is two years after the cause of action accrues. A.R.S. § 12-542; *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004).

"[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace*, 549 U.S. at 388. "[U]nder federal law, a claim accrues 'when the plaintiff knows or has reason to know of the injury which is the basis of the action.'" *Lukovsky v. City and Cnty. of San Francisco*, 535 F.3d 1044, 1048 (9th Cir. 2008) (quoting *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 926 (9th Cir. 2004)); *Wallace*, 549 U.S. at 388 (noting a claim accrues when a plaintiff has "a complete and present cause of action" and can file suit and obtain relief).

---

[2] Plaintiff titles this argument "Equitable tolling," but provides no argument on why the statute of limitations should be equitably tolled. (Doc. 37 at 4). Accordingly, the Court does not address equitable tolling.

Assuming without deciding whether Plaintiff has an actionable § 1983 claim, this claim is nevertheless barred by A.R.S. 12-542's two-year statute of limitations. Plaintiff's original complaint was filed on January 15, 2026. (Doc. 1). But Plaintiff filed an action on November 9, 2022, which "challeng[ed] Wells Fargo's foreclosure authority and [sought] injunctive relief." (Doc. 11 at 8). Thus, Plaintiff knew or had reason to know Defendant was proceeding with foreclosure by November 9, 2022. Further, Plaintiff knew of his theory of inadequate notice as of his November 9, 2022, court filing. Plaintiff did not file this suit until January 15, 2026, which is outside the two-year statute of limitations. (Doc. 1).

Further, to the extent the screening order allowed Plaintiff to allege his second due process theory regarding access to the courts as an alternative factual predicate to Count I (Doc. 12 at 4), Plaintiff knew of this claim as of September 12, 2023, when the trustee's sale took place. Specifically, Plaintiff complains that the state court erred in not considering the merits of his claims in violation of his due process rights (this Court largely dismissed this factual predicate on the merits in the Order at Doc. 25 at 9-10 under the *Rooker-Feldman* doctrine). By the time the sale occurred on September 12, 2023, Plaintiff knew of the state court's rulings about which he now complains. Thus, the filing date of this case (January 15, 2026) is beyond the two-year statute of limitations for this factual predicate also.

As to Plaintiff's argument that the claim did not accrue until January 10, 2024, the date of "physical removal," the Court disagrees. "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action," not the date of "physical removal" as Plaintiff contends. (Doc. 37 at 4); *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1991). And even if the Court were to use the January 10, 2024, date of physical removal, Plaintiff did not file suit until January 15, 2026, (Doc. 1), which is still outside the two-year statute of limitations.

Plaintiff's citation to *Wallace* is equally unpersuasive. (Doc. 37 at 4). In *Wallace*, the United States Supreme Court held that the statute of limitations for a § 1983 claim

seeking damages for false arrest and the arrest is followed by criminal proceedings, begins to run when the claimant is detained pursuant to legal process. *Wallace*, 549 U.S. 384. Here, Plaintiff is raising a procedural due process claim under § 1983, whereas in *Wallace*, the claim was for false arrest under § 1983. (Doc. 11 at 12); *id.* It is unclear how *Wallace* supports Plaintiff's argument.

**c. Actual Notice**

Alternatively, Count I fails because Plaintiff had actual notice of the trustee's sale. Wells Fargo argues it is entitled to judgment on the pleadings because Plaintiff had actual notice of the foreclosure and a full opportunity to be heard. (Doc. 30 at 14). Plaintiff does not appear to address this argument in his response. (*See* Doc. 37).

"The fundamental requirements of procedural due process are notice and an opportunity to be heard . . . ." *Conner v. City of Santa Ana*, 897 F.2d 1487, 1492 (9th Cir. 1990). And the "standard for what amounts to constitutionally adequate notice . . . is fairly low." *Espinosa v. United Student Aid Funds, Inc.*, 553 F.3d 1193, 1202 (9th Cir. 2008) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)). Indeed, adequate notice is "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Id.* (citation omitted). This standard does not require actual notice. *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002).

Here, Wells Fargo correctly argues that Plaintiff's due process rights were not violated because Plaintiff had actual notice of the trustee's sale. (Doc. 30 at 15). Based on Plaintiff's amended complaint, he had notice of the trustee's sale dating back to November 9, 2022, when he "filed an action in Maricopa County Superior Court challenging Wells Fargo's foreclosure authority and [sought] injunctive relief." (Doc. 11 at 8). By filing that lawsuit, Plaintiff had notice of the foreclosure and had the opportunity to present his objection. *See Espinosa*, 553 F.3d at 1202.

**d. Discovery**

In Plaintiff's response, Plaintiff argues the Court should convert the motion for

judgment on the pleadings to a motion for summary judgment under Federal Rule of Civil Procedure ("Rule") 12(d) and provide Plaintiff with the opportunity to conduct discovery. (Doc. 37 at 4–5). He also attaches a "Memorandum of Law" to his response, which is not contained in the pleadings. (*Id.* at 7–11). Wells Fargo contends that conversion under Rule 12(d) is not warranted. (Doc. 45 at 10).

Generally, the Court "may not consider any material beyond the pleadings in ruling on a [Rule 12(c)] motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citation omitted).[3] However, "the motion must be treated as one for summary judgment" if "matters outside the pleadings are presented to and not excluded by the court." Fed. R. Civ. P. 12(d). The decision to convert the motion into one for summary judgment, or to exclude the evidence, is within the Court's discretion. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). Because Plaintiff's only remaining claim is time-barred, the Court need not consider matters outside the pleadings. Accordingly, the Court need not consider matters outside the pleadings to decide the motion, and the Court declines to convert the motion for judgment on the pleadings to a motion for summary judgment.

Finally, the Court need not decide whether Wells Fargo is a state actor for the purposes of Plaintiff's remaining § 1983 claim because this claim is nevertheless time-barred.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

[3] Although the originally quote references Rule 12(b)(6) and not Rule 12(c), the legal standard for Rule 12(c) is "substantially identical" to the standard for a motion to dismiss under Rule 12(b)(6). *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citation omitted).

/ / /

## III. CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that Defendant Wells Fargo's Motion for Judgment on the Pleadings as to Plaintiff's only remaining claim, (Doc. 30), is **GRANTED**, and the Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff accordingly.

Dated this 5th day of October, 2026.

James A. Teilborg
Senior United States District Judge