WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Mark Anthony Mall,
Plaintiff,
v.
Wells Fargo Bank NA,
Defendant.

No. CV-26-00263-PHX-JAT

**ORDER**

Pending before the Court is Plaintiff Mark Mall's motion to alter or amend judgment. (Doc. 48). Defendant Wells Fargo, N.A. responded, (Doc. 49), and Plaintiff has replied, (Doc. 51). The Court also considers Plaintiff's motion to correct ministerial error and clerical mistake in entry of judgment. (Doc. 50). The Court now rules.

## I. Background

Plaintiff filed suit against Defendant in January 2026, (Doc. 1), and amended his complaint in February 2026 to allege three claims against Defendant: a 42 U.S.C. § 1983 "Procedural Due Process (Fourteenth Amendment)" claim, a 42 U.S.C. § 1983 "Denial of Meaningful Access to Courts (First and Fourteenth Amendments)" claim, and a claim for relief under "Rule 70/Possession and Vacatur of Eviction Judgment." (Doc. 11 at 12, 15–16).

The Court dismissed Count II after screening the amended complaint, (Doc. 12 at 5), and later granted Defendant's motion to dismiss as to Count III, (Doc. 25 at 10). Most recently, on October 5, 2026, the Court granted Defendant's motion for judgment on the

pleadings as to Plaintiff's only remaining count (Count I), (Doc. 46 at 7), and the case was dismissed, (Doc. 47). Plaintiff now moves the Court under Federal Rule of Civil Procedure ("Rule") 59(e) to alter or amend its October 5, 2026, order, (Doc. 46), and the Clerk of the Court's parallel entry of judgment dismissing the case, (Doc. 47).[1] (Doc. 48).

## II. Legal Standards

A district court "enjoys considerable discretion in granting or denying" a Rule 59(e) motion to alter or amend its judgment. *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999)). "[A]mending a judgment after its entry remains 'an extraordinary remedy which should be used sparingly.'" *Id.* (citation omitted). According to the Ninth Circuit Court of Appeals, a court may grant a Rule 59(e) motion based on four basic grounds:

> (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law.

*Id.*

A motion to alter or amend judgment should not "be used to ask the court to rethink what the court had already thought through—rightly or wrongly." *Smith v. Ryan*, No. CV-12-318-PHX-PGR, 2014 WL 2452893, at *1 (D. Ariz. June 2, 2014) (citing *United States v. Rezzonico*, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)). Further, "Rule 59(e) motions may not be used to reexamine the initial decision or raise arguments that were available to the party prior to the entry of judgment." *Reyes v. City of Phoenix*, No. CV-17-04741-PHX-JAT, 2018 WL 4377161, at *3 (D. Ariz. Sept. 14, 2018).

## III. Analysis

Plaintiff argues the Court misapplied Arizona Revised Statute ("A.R.S.") § 12-542 when it "extinguish[ed] Count I" because the Court "substitute[d] the state period, and notice of a sale, for that hearing and for that jury." (Doc. 48 at 1). Plaintiff goes on to argue

[1] Plaintiff's motion is timely. *See* Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend be filed "no later than 28 days after entry of the judgment").

that no state legislative statute can abrogate the Fourth, Fifth, and Seventh Amendments and that the United States Constitution is the supreme law of the land. (*Id.* at 2).[2] Although unclear, it appears Plaintiff is arguing that the Court erred in applying the state statute of limitations under A.R.S. § 12-542 to Plaintiff's § 1983 due process claim in Count I, and therefore the Court should alter or amend the October 5, 2026, order, and the Clerk of the Court's parallel entry of judgment dismissing the case because the Court committed a manifest error of law. (*See id.* at 2–3; Doc. 51 at 2).[3] The Court disagrees.

To begin, the United States Supreme Court has held that "Section 1983 provides a federal cause of action, but in several respects . . . federal law looks to the law of the State in which the cause of action arose. This is so for the *length of the statute of limitations*." *Wallace v. Kato*, 549 U.S. 384, 387 (2007) (emphasis added); *see also Soto v. Sweetman*, 882 F.3d 865, 871 (9th Cir. 2018) ("Federal courts in § 1983 actions apply the state statute of limitations from personal-injury claims and borrow the state's tolling rules."). And Plaintiff concedes that § 1983 contains no statute of limitations. (*See* Doc. 48 at 2 (stating that § 1983 has no time bar)). The applicable statute of limitations to Plaintiff's § 1983 claim is "governed by the forum state's statute of limitations for personal injury actions." *Bonelli v. Grand Canyon Univ.*, 28 F.4th 948, 952 (9th Cir. 2022) (citation omitted). The relevant Arizona statute of limitations here is A.R.S. § 12-542. Accordingly, the Court correctly applied Arizona's statute of limitations for personal injury actions to Plaintiff's § 1983 claim.

Moreover, Plaintiff's case law citations are inapposite. Plaintiff cites *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) to support his argument that the Court erred in applying

---

[2] The Court will not address Plaintiff's arguments under the Fourth, Fifth, and Seventh Amendments, (Doc. 48 at 2), because he raises them for the first time in his motion to alter or amend. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) ("A Rule 59(e) motion may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.").

[3] Plaintiff also argues that the Court's October 5, 2026, order, did not "adjudicate whether Wells Fargo was the person entitled to enforce the instrument, or whether a lawful default existed." (Doc. 48 at 1). The Court, however, noted in the October 5, 2026, order, that it was assuming without deciding whether Plaintiff's claim was actionable because his claim was nevertheless time-barred. (Doc. 46 at 4). The Court did not need to address the merits of Plaintiff's claim at that time because his claim was barred by the statute of limitations.

A.R.S. § 12-542. (Doc. 48 at 1). *Mathews*, however, addressed whether the Due Process Clause of the Fifth Amendment required a Social Security disability beneficiary to have an evidentiary hearing before his benefits could be terminated. *Id.* at 323. Plaintiff's citation to *Felder v. Casey*, 487 U.S. 131 (1988) is equally unpersuasive. (*Id.* at 2). Plaintiff cites *Felder* to argue that "[a] state notice-of-claim rule cannot burden a claim under 42 U.S.C. § 1983." (*Id.*). But in *Felder*, the statute at issue was held to be preempted by federal law because it required Wisconsin plaintiffs to notify "governmental defendant[s] of the circumstances giving rise to the claim, the amount of the claim, and his or her intent to hold the named defendant liable." *Id.* at 134. There, the United States Supreme Court differentiated between statutes of limitations and notice-of-claim rules, noting that Congress did not intend federal courts to apply notice-of-claim rules. *Id.* at 140. Therefore, the Court finds no basis to grant Plaintiff's motion to alter or amend on this ground.[4]

Plaintiff next contends that the October 5, 2026, order, was prematurely entered because discovery was not complete when the Court entered judgment on the pleadings. (Doc. 48 at 2–3). Rule 12(c) provides that "[a]fter the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Plaintiff has not cited, nor has the Court's own research found, any case requiring discovery to be completed before a party may move for judgment on the pleadings. Plaintiff again fails to establish manifest error that would entitle him to relief under Rule 59(e).[5]

Finally, the Court notes that Plaintiff separately filed a "Motion to Correct Ministerial Error and Clerical Mistake in Entry of Judgment" under Rules 59(e) and 60(a). (Doc. 50 at 1). This motion is inappropriate for two reasons. First, Rule 59(e) governs motions to alter or amend a judgment, which Plaintiff has already filed. (*See* Doc. 48). And Plaintiff attempts to raise the same argument in this motion as he raised in his motion to

[4] Moreover, it appears Plaintiff concedes his statute of limitations argument in his reply when he states that "[t]he defect is not in the limitations period." (Doc. 51 at 4).

[5] The Court also notes that in Plaintiff's reply, he argues that "Doc. 25 at 6–7 left . . . two questions open." (Doc. 51 at 3). It is unclear what Plaintiff is trying to argue, and nevertheless, the judgment issued based on the October 5, 2026, order, (Doc. 46), not the July 24, 2026, order, (Doc. 25), that Plaintiff references in this argument. The time for Plaintiff to move to reconsider the July 24, 2026, interlocutory order, has passed. *See* LRCiv. 7.2(g). Therefore, the Court will not address this argument.

alter or amend: the Court erroneously applied the state statute of limitations to his § 1983 claim. (*Id.* at 2, 4). In other words, this motion is duplicative of Plaintiff's previous filing. (*Compare* Doc. 40 *with* Doc. 50).

Second, Rule 60(a) provides that "[t]he court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record." Fed. R. Civ. P. 60(a). "Errors correctable under Rule 60(a) include those where what is written or recorded is not what the court intended to write or record," regardless of whether the error "is made by a clerk or by the judge." *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir. 1987). Plaintiff does not argue that the Court made clerical mistake in the October 5, 2026, order, or that the Clerk of the Court made a clerical mistake in entering judgment and dismissing the case. Instead, as analyzed above, Plaintiff attempts to reiterate substantive arguments challenging the Court's application of the statute of limitations in A.R.S. § 12-542 to Plaintiff's § 1983 claim. Rule 60(a), therefore, is inapposite.

## IV. Conclusion

For the foregoing reasons,

**IT IS ORDERED** that Plaintiff's Motion to Alter or Amend the Judgment, (Doc. 48), is **denied**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Correct Ministerial Error and Clerical Mistake in Entry of Judgment, (Doc. 50), is **denied**.

Dated this 3rd day of November, 2026.

James A. Teilborg
Senior United States District Judge